UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BUC-EE'S, LTD.<br><br>    **Plaintiff,**<br><br>    v.<br><br>BUCKS, INC., d/b/a BUCKY'S, and STEVEN BUCHANAN,<br><br>    **Defendants.** | CIVIL ACTION No. 8:17-CV-00287<br><br>**Jury Trial Demanded** |

### BRIEF IN SUPPORT OF BUC-EE'S, LTD.'S MOTION TO DISQUALIFY THE HONORABLE JUDGE BATAILLON

Buc-ee's, Ltd. ("Buc-ee's") has great respect for this Court and Judge Bataillon. Nonetheless, Buc-ee's is compelled to move to disqualify Judge Bataillon in this case pursuant to 28 U.S.C. §455(a), which requires that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Section 455(a) is compulsory and imposes an objective standard: a judge's actual bias, prejudice, or impartiality is irrelevant. Indeed, the Eighth Circuit has stated "recusal or reassignment is appropriate where [the judge's] impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 904 (8th Cir. 2009) (quotation omitted). Here, for several reasons, the average person on the street knowing all relevant facts might reasonably question the impartially of Judge Bataillon in this case.

First, Judge Bataillon recused himself pursuant to 28 U.S.C. § 455(a) in a prior case involving two of the parties here. In 2010, Judge Bataillon issued an Order of Recusal on the Court's own motion in a case then pending between Buc-ee's and Bucks Inc. ("Bucks"). Order

1

of Recusal, *Buck's, Inc. v. Buc-ee's Ltd.*, No. 8:08-cv-519 (D. Neb. Mar. 9, 2010), ECF No. 47 (also attached here as Ex. 1).[1] There, the Recusal Order did not provide detail other than quoting Section 455(a) and stating recusal was appropriate "[u]pon review of the parties and the record in the [case]." *Id.*

Second, the same parties are involved in this case. Buc-ee's and Bucks were the only parties in the prior case. And Buc-ee's and Bucks remain similarly situated as in the prior case—both Buc-ee's and Bucks remain privately held and appear to have similar corporate structures as in the past. *Compare* corporate disclosure statements in current case (Pl.'s Rule 7.1 Disclosure Statement, ECF No. 3; Pl.'s Certificate of Interested Parties, ECF No. 6; Defs.' Rule 7.1 Disclosure, ECF No. 20; Defs.' Certificate of Interested Parties, ECF No. 27) *with* corporate disclosure statements in prior case (No. 8:08-cv-519, ECF Nos. 7 and 18).

Third, at the end of the prior case, Buc-ee's and Bucks signed a settlement agreement, and that same agreement is now at issue in the current case. (Pl.'s First Am. Compl. at p.6, ECF No. 77; Defs,' Answer to Pl.'s Am. Compl. at p.4, ECF No. 82).

Fourth, Defendants claim that this case is essentially a continuation of the prior case in which Judge Bataillon recused himself. According to Defendants, "This case was previously litigated in the United States Patent and Trademark Office and in this Court …." (Rule 26(f) Report at p.2, ECF No. 89).

Under these circumstances, a reasonable person might question the impartiality of Judge Bataillon. Thus, notwithstanding Buc-ee's great respect for Judge Bataillon and this Court, Judge Bataillon is required to recuse himself under Section 455(a), and the Court should assign a new judge to ensure no reasonable questions of impartiality.

---

[1] All exhibits cited herein by exhibit number are attached to the Declaration of Katherine L. Fink, filed concurrently with this Brief.

Buc-ee's Motion is timely. According to the Court of Appeals for the Eight Circuit, "The timeliness doctrine under § 455 requires a party to raise a claim at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *In re Steward*, 828 F.3d 672, 681–82 (8th Cir. 2016) (quotation omitted). When evaluating timeliness, courts have considered four factors: whether "(1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay." *United States v. Amico*, 486 F.3d 764, 773 (2d Cir. 2007) (quotation omitted).

Here, this Court assigned the case to Judge Bataillon on August 3, 2017. (Text Notice of Judges Assigned, ECF No. 57). Buc-ee's first raised this issue shortly thereafter by sending a letter to Judge Bataillon on August 25, 2017. (Ex. 2). Because the Court has not responded to the letter, Buc-ee's now brings this motion, before trial, before any entry of judgment, and before Judge Bataillon has issued any orders.

**CONCLUSION**

For the reasons set forth above, Buc-ee's respectfully requests that the Court grant its motion, that Judge Bataillon recuse himself from these proceedings pursuant to Section 455(a), and that the Court reassign this case to another judge.

Dated: November 17, 2017　　　　　　　By: */s/ Katherine L. Fink*

　　　　　　　　　　　　　　　　　　　　Joseph J. Berghammer (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Illinois Bar No. 6273690
　　　　　　　　　　　　　　　　　　　　jberghammer@bannerwitcoff.com
　　　　　　　　　　　　　　　　　　　　Janice V. Mitrius (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Illinois Bar No. 6243513
　　　　　　　　　　　　　　　　　　　　jmitrius@bannerwitcoff.com
　　　　　　　　　　　　　　　　　　　　Katherine L. Fink (*pro hac vice*)

Illinois Bar No. 6292806
kfink@bannerwitcoff.com
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Fax: (312) 463-5001

H. Tracy Richardson, III
Texas Bar No. 16863700
Deputy General Counsel
Jeff F. Nadalo
Texas Bar No. 24041559
General Counsel
**BUC-EE'S, LTD.**
327 FM 2004
Lake Jackson, Texas 77566
Telephone: (979) 230-2968
Fax: (979) 230-2969
tracy@buc-ees.com
jeff@buc-ees.com

Matthew F. Heffron
Nebraska Bar No. 19228
Brown & Brown, PC
2027 Dodge Street, Suite 501
Omaha, NE 68102
T: (402) 346-5010
F: (402) 345-8853
mheffron@bblaw.us

**ATTORNEYS FOR PLAINTIFF
BUC-EE'S, LTD.**

4

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2017, a true and correct copy of the foregoing document will be served upon counsel of record via electronic mail through the United States District Court's CM/ECF system.

*/s/ Katherine L. Fink*