# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BUC-EE'S, LTD.<br><br>    Plaintiff,<br><br>    v.<br><br>BUCKS, INC., d/b/a BUCKY'S, and STEVEN BUCHANAN,<br><br>    Defendants. | 8:17CV287<br><br>STIPULATED ORDER REGARDING E-DISCOVERY |

This matter is before the Court on the parties' Stipulation and Joint Motion for Order Regarding E-Discovery ([Filing No. 102](Filing No. 102)).  The parties have agreed to certain terms and production protocol governing the production of Electronically Stored Information in this case. The Court finds that the Stipulation should be entered.  Accordingly,

**IT IS ORDERED:**  the Stipulation and Joint Motion for Order Regarding E-Discovery ([Filing No. 102](Filing No. 102)) is granted, and the following Stipulated Order shall apply:

1. This Order supplements all other discovery rules and orders. It streamlines production of Electronically Stored Information ("ESI") to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1 and to incentivize narrowly-tailored discovery efforts proportionate to this dispute.

2. The parties may agree in writing to jointly modify the terms of this Order. If the parties cannot resolve their disagreements regarding any modifications, the parties shall submit their competing proposals and a summary of their dispute to the Court.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost shifting determinations.

4. Except as provided in paragraph 5, general ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email requests.

5. Email production requests shall identify the custodian, search terms, and timeframe. The parties shall cooperate to identify the proper custodians, proper search terms, and proper timeframe.

6. With respect to all ESI production requests, including email production requests, each requesting party shall limit its requests to a total of ten (10) custodians per producing party for all requests. Each requesting party shall also limit all ESI production requests, including email production requests, to a total of fifteen (15) search terms per custodian per party.

7. Nothing in this Order shall limit the duty of each party to produce known ESI information that is responsive and relevant to specific discovery requests.

8. Indiscriminate terms, such as the producing party's name or its product/service name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged.

9. Nothing in this Order alters any party's right to object to and/or deny discovery and/or production of information as allowed under the Rules of Civil Procedure and Evidence.

10. The production protocol is attached hereto as Exhibit 1 and incorporated herein.

Dated this 29th day of November, 2017.

BY THE COURT:

s/ Michael D. Nelson
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BUC-EE'S, LTD.<br><br>    Plaintiff,<br><br>v.<br><br>BUCKS, INC., d/b/a BUCKY'S, and STEVEN BUCHANAN,<br><br>    Defendants. | CIVIL ACTION No. 8:17-CV-00287<br><br><br>**Jury Trial Demanded** |

## **PRODUCTION PROTOCOL**

    1.    Plaintiff Buc-ee's, Ltd. and Defendants Bucks, Inc., d/b/a Bucky's, and Steven Buchanan (collectively, "the parties") agree as follows for the disclosure or discovery of paper documents ("documents") and electronically stored information ("ESI").

    2.    The parties agree to produce documents and ESI in electronic format as single page tiffs utilizing Group 4 compression with a minimum resolution of 300 dpi, or, if necessary to retain color content of the document, as JPEG images utilizing high quality JPEG compression with a minimum resolution of 300 dpi. Documents that originate in hard copy format shall be scanned and produced electronically as described in this paragraph. Documents that include information to be redacted shall have any redacted material clearly labeled as having been redacted.

    3.    The parties will produce all documents and ESI with accompanying delimited dat/metadata load files, and, if tiff or jpeg image format production files are included in the production volume, the parties will also provide accompanying Opticon image load files that identify document boundaries. Electronic production files, including the load files, must be delivered to the requesting party on CD or DVD, or other electronic format or media of the type readily accessible and viewable by a Windows-based personal computer (e.g., thumb drive, hard

drive, via FTP site, via secure file-sharing site, etc.). If physical media (e.g., not an FTP site) is used, the case caption and the producing party shall be identified on each CD, DVD, hard drive, or other media, along with the document production number range(s) corresponding to the contents of each CD, DVD, hard drive, or other media.

4. Each electronic production file shall be named after the document production number assigned to the corresponding document image or ESI. Buc-ee's will produce with the letter prefix "BUCEES_" followed by a seven-digit production number, e.g., BUCEES_1234567. Defendants Bucks and Buchanan will produce with the letter prefix "BUCKS_" followed by a seven-digit production number, e.g., BUCKS_1234567.

5. For documents or ESI produced as tiff or jpeg images, the production image file name shall be the unique production number assigned to the document page. The production number shall be a contiguous bates value assigned to each page and also appear in the lower right hand corner in a manner that does not obscure any existing content present in the image. The confidentiality designation (if any) shall appear in the lower left hand corner of each page of the tiff or JPEG image in a manner that does not obscure anything present in the image. Image files shall be grouped into separate folders, with each folder containing a maximum of 1000 tiff or JPEG images produced, and separate folders for each document shall not be created.

6. A receiving party may request that a producing party produce specific documents in native format for good cause. Upon such a request and showing of good cause, the parties will meet and confer to discuss production in native or other alternative file format, including production of additional metadata, with respect to the specific documents. If the parties cannot resolve their disagreements, the requesting party shall motion the Court. The circulation of

documents produced in the native format which have been designated as "Confidential" shall be limited to persons having access to "Attorneys' Eyes Only" information.

7. If producing native files or emails produced in HTM/HTML format, the production file name shall include the unique production number assigned to the file as set forth above and the confidentiality designation (if any). With respect to the confidentiality designation, "CONF" shall mean "Confidential" and "AEO" shall mean "Attorneys Eyes Only." For example, appropriate hypothetical filenames would include: BUCEES_1234567_AEO.xls and BUCKS_1234567_CONF.xls; whereas .xls and .docx are hypothetical file extensions of natively produced electronic files. All native files produced, other than emails produced in HTM/HTML format, shall retain their original file extensions, unless a party determines that a native file has the wrong extension or no extension, in which case the party must correct the extension or add the appropriate extension. Native files or emails produced in HTM/HTML format shall be grouped into separate folders, with each folder containing a maximum of 1000 native files or HTM/HTML emails produced, and separate folders for each native file or HTM/HTML email file shall not be created. A placeholder image shall not be provided in tandem with a natively produced file or HTM/HTML email file, except when a placeholder image may be needed to indicate that a native or HTM/HTML email document was withheld (e.g., an email attachment was withheld for privilege or other reasons, but the rest of the email family was produced).

8. The parties agree that all native production files (including HTM/HTML email files) that are printed to a hard copy or printed or otherwise converted to a .pdf or other file type for use in this litigation (e.g., at a deposition, attached to a Court filing, or at a hearing) will be marked by the party preparing the printout with the unique production number assigned to the file and the confidentiality designation (if any). The production number assigned to the native

file (e.g., BUCEES_1234567 or BUCKS_1234567) shall appear in the lower right hand corner of the printout and the confidentiality designation (if any) shall appear in the lower left hand corner of the page in a manner that does not obscure anything present in the printout. If the native production file results in more than one page when printed out, the party must add a .1, .2, .3, etc. immediately after the production number on each page. For example, for a native file produced as BUCEES_1234567 that results in three pages when printed out, the printed pages would be labeled BUCEES_1234567.1 on the first page, BUCEES_1234567.2 on the second page, and BUCEES_1234567.3 on the third page.

9. The parties agree to provide extracted text and/or OCR text as follows. For ESI, with the exception of ESI files produced as redacted image documents or for native ESI file types that do not contain text (e.g., multimedia files), the parties will provide extracted text from the native files (including native emails produced in HTM/HTML format). For documents and ESI produced as tiff or JPEG images, including produced images containing redactions, OCR text will be provided in multipage .txt format, structured in a folder separate from the image files. The .txt files shall be grouped into separate folders, with each folder containing a maximum of 1000 .txt files, and separate folders for each .txt file shall not be created. Each .txt file must be named the same as the first page of its corresponding production document number.

10. For all documents and ESI, the parties agree to provide the following universal fields as part of the metadata load file:

| Universal Field | Description |
| --- | --- |
| BegDoc | The beginning production number of a document |
| EndDoc | The ending production number of a document (can be left blank for native files) |
| PgCount | The number of pages comprising a document (can be left blank or populated with a 1 for native files) |
| NativeLink | The relative link to a native format file, or blank if a document/ESI file is produced in image format |

| | |
|---|---|
| TextLink | The relative link to an OCR or extracted text file, or blank if a document/ESI file does not contain text |

11. Additionally, for all ESI, regardless of whether it is produced in tiff or jpeg image format or native format, the parties agree to provide the following fields as part of the metadata load file, populated to the extent reasonably available/applicable:

| Field | Description |
|---|---|
| Date Sent | The date an email, or attachment to an email, was sent. |
| Date Received | The date an email, or attachment to an email, was received. |
| Date Last Modified | The date a non-email ESI document or an attachment to an email was last modified. |
| Date Created | The date a non-email ESI document or an attachment to an email was created. |
| From | The person(s) / email address(es) identified in the "from" field of an email |
| To | The person(s) / email address(es) identified in the "to" field of an email |
| CC | The person(s) / email address(es) identified in the "cc" field of an email |
| BCC | The person(s) / email address(es) identified in the "bcc" field of an email |

12. Additionally, for all ESI that is part of an attachment family (i.e., parents and attachments), whether produced in tiff or jpeg image format or native format, in addition to the universal fields listed above, the parties agree to provide the following fields as part of the metadata load file:

| Exemplary Field Name | Description |
|---|---|
| BegAttach | First page number of the parent document of the family |
| EndAttach | Last page number of the last child attachment of the family |

13. The BegAttach and EndAttach fields dictate that individual members of a family of documents must be produced in their natural contiguous order (i.e., a parent document followed directly by its children documents).