# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BUC-EE'S, LTD.<br><br>    Plaintiff,<br><br>v.<br><br>BUCKS, INC., d/b/a BUCKY'S, and STEVEN BUCHANAN,<br><br>    Defendants. | 8:17CV287<br><br>PROTECTIVE ORDER |

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED THAT**:

1. This Protective Order applies to any document, information, electronically stored information ("ESI"), things, answers to interrogatories, responses to requests for admissions, and depositions, testimony adduced at trial or a hearing or any matters in evidence, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential" or "Attorneys' Eyes Only" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

2. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and/or in the related litigation pending in the Southern District of Texas (Civil Action No. 4:17-cv-00818) and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

3. "Confidential Information," as used herein, means information of any type, kind or character which is designated "Confidential" or "Attorneys' Eyes Only" by any of the parties to the action or other person(s) producing the information (including nonparties), whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "Attorneys' Eyes Only," the designating person will make such designation only as to that information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

4. "Qualified Persons," as used herein means:

(a) Outside counsel representing the named parties in the above captioned litigation, and outside counsel representing the named parties in the related litigation pending in the Southern District of Texas (Civil Action No. 4:17-cv-00818), including their respective paralegals, clerks, secretaries, and other persons employed or retained by the named parties' outside counsel to assist outside counsel in the preparation of each such litigation (collectively, "Outside Counsel");

(b) Up to four (4) employees of each receiving party who are required in good faith to provide assistance in the conduct of this litigation and up to four (4) employees of each party in the Southern District of Texas (Civil Action No. 4:17-cv-00818) who are required in good faith to provide assistance in the conduct of such Texas litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure;

(c) Actual or potential independent experts or consultants, including employees and assistants under control of such experts or consultants, who are expressly retained or sought to be retained to assist in the preparation or trial of or consult on this litigation and/or the related

litigation pending in the Southern District of Texas (Civil Action No. 4:17-cv-00818), with disclosure only to the extent necessary to perform such work;

  (d) Any court reporter or other person involved in recording deposition testimony in this litigation or the related litigation pending in the Southern District of Texas (Civil Action No. 4:17-cv-00818), by any means and acting in that capacity;

  (e) The Court (and any appellate court) and any persons employed by the Court whose duties require access to the Confidential Information, including court personnel, jurors and alternate jurors for this litigation and/or the related litigation pending in the Southern District of Texas (Civil Action No. 4:17-cv-00818); and

  (f) The in-house counsel of any party, including but not limited to, Buc-ee's in-house counsel H. Tracy Richardson, III and Jeffery Frank Nadalo, and Buck's, Inc.'s in-house counsel Stephen M. Kalhorn.

  5. (a) Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty (which information pertains to a party) may be designated by any party as "Confidential" or "Attorneys' Eyes Only" information by indicating on the record at the deposition that the relevant portions of the testimony are "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Order.

  (b) At deposition, the disclosing party shall notify the reporter on the record if any Confidential Information produced by a third party is disclosed. Any party or producing nonparty may also designate information disclosed at such deposition as "Confidential" or "Attorneys' Eyes Only" by notifying the reporter, all counsel of record, and any other affected person in writing within fourteen (14) days of receipt of the transcript that the relevant portions of the transcript should be treated as "Confidential" or "Attorneys' Eyes Only" thereafter. All deposition transcripts shall be treated as "Attorneys' Eyes Only" for a period of fourteen (14) days after the receipt of the transcript.

(c) If a "Confidential" or "Attorneys' Eyes Only" designation is made, the court reporter shall be directed to affix the appropriate legend on the cover page and on all pages of the transcript, and to each copy thereof. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further order of the Court.

(d) If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition will be considered devoid of "Confidential" or "Attorneys' Eyes Only" information.

6. (a) Information designated as "Confidential" shall not be disclosed or made available by the receiving party or parties to persons other than Qualified Persons. Information designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Paragraphs 4(a) and (c)-(e) above.

(b) Prior to disclosing information designated "Confidential" to a receiving party's proposed employees under 4(b), the receiving party must obtain from such employee a signed Confidentiality Agreement in the form attached as Exhibit A.

(c) Prior to disclosing information designated "Confidential" or "Attorneys' Eyes Only" to a receiving party's proposed expert or consultant under 4(c), the receiving party must obtain from such proposed expert or consultant a signed Confidentiality Agreement in the form attached as Exhibit A.

(d) The designation of any document or thing as "Confidential" or "Attorneys Eyes Only" shall not preclude any party from showing the document or thing to any person: (a) who appears as an author or as an addressee on the face of the document and is not otherwise shown prior to such disclosure not to have received the document; (b) who admits to or has been identified by the designating party as having been provided with the document or thing or with the information therein; (c) who participated in any meeting or communication to which the document or thing pertains; (d) who is a director, officer or employee of the designating party; or (e) who has

been identified by the designating party as a Fed. R. Civ. P. 30(b)(6) witness for subject matter that pertains to said document or thing.

    (e)  Copies of "Attorneys' Eyes Only" information provided to a receiving party shall be maintained in the offices of Outside Counsel for the receiving party. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

    7.  (a)  Documents previously produced may be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" or "Attorneys' Eyes Only" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

    (b)  The producer shall be obligated to provide replacement copies of any redesignated documents or materials with appropriate labeling to the receiving party within ten (10) days of the date of the written notice of the redesignation, unless otherwise agreed. Upon receipt of a copy of the redesignated documents or materials, the receiving person(s) shall promptly destroy, cause to be destroyed, or return all copies of the documents or materials in their possession or reasonably retrievable which do not bear the new designation, unless otherwise agreed. Within thirty (30) days after receipt of the redesignated documents or materials, the receiving party shall certify in writing that all copies lacking the designation have been destroyed or returned.

    (c)  In the event that two copies of a document or information are produced under different designations, the more restrictive designation shall apply, provided that the producing party redesignates the documents in writing. Should the receiving party notice any such discrepancy, it shall promptly bring the discrepancy to the producing party's attention.

    8.  (a)  Nothing herein shall prevent disclosure beyond the terms of this Order if the party designating the information as "Confidential" or "Attorneys' Eyes Only" has authority to and does consent to such disclosure or, if the Court, after notice to all affected parties, orders

such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Attorneys' Eyes Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Attorneys' Eyes Only" information, irrespective of which party produced such information.

(b) In the event a party wishes to use any "Confidential" or "Attorneys' Eyes Only" information in open court, at any hearing, or at trial, the party desiring to use the material must provide the relevant producer fourteen (14) advance notice that the disclosing party is substantially likely to use the information in open court. The producing party will thereafter have seven (7) days from the notice to object to the use of the "Confidential" or "Attorneys' Eyes Only" information in open court. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within seven (7) days constitutes approval. If the parties are unable to resolve any objection, any party may apply to the presiding judge to resolve the matter. There will be no disclosure to any person who is not authorized by the terms of this Protective Order to see or receive "Confidential" or "Attorneys' Eyes Only" information during the seven (7) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion or request. Upon motion or request by any party or designating party and for good cause shown, the Court may exclude from a hearing or the trial, or any portion thereof, any person who is not authorized by the terms of this Protective Order to see or receive "Confidential" or "Attorneys' Eyes Only" information, on the grounds that "Confidential" or "Attorneys' Eyes Only" information may be disclosed. In addition, the Court may order that the transcript of any hearing or portion of the trial which reflects the disclosure of "Confidential" or "Attorneys' Eyes Only" information be subject to Paragraph 11 and sealed.

9. (a) A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a

subsequent challenge thereto. Failure to object to a designation of confidentiality shall not constitute or be construed as an admission nor raise an inference that the documents designated as "Confidential" or "Attorneys' Eyes Only" constitute or contain confidential, proprietary information or any trade secret. A failure to challenge the propriety of any designation by any party or nonparty does not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

(b) In the event a party objects to the "Confidential" or "Attorneys' Eyes Only" designation under this Protective Order by a producing person of any document (or part thereof), the objecting party shall consult with the producing person to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, the challenging party may move the Court to remove the "Confidential" or "Attorneys' Eyes Only" designation. In any such motion, the producing person has the burden of establishing that the "Confidential" or "Attorneys' Eyes Only" designation is proper. If a motion is made, any documents or other materials that have been designated "Confidential" or "Attorneys' Eyes Only" shall be treated as "Confidential" or "Attorneys' Eyes Only" until such time as the Court rules that such material should not be treated as "Confidential" or "Attorneys' Eyes Only."

(c) The parties (and when appropriate, nonparties producing documents) may, by stipulation, provide for exceptions to this Order, and any party may seek an order of this Court modifying this Protective Order. Unless and until otherwise ordered by the Court, or agreed to in writing by the parties (and when appropriate, nonparties), all Confidential Information shall be treated as "Confidential" or "Attorneys' Eyes Only" and shall not be disclosed except under the terms of this Protective Order.

10. Nothing shall be designated as "Attorneys' Eyes Only" information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating person, and which includes as a major portion subject matter which is believed to be unknown to the

opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "Attorneys' Eyes Only" information if it is information that either:

    (a)    is in the public domain at the time of disclosure, as evidenced by a written document;

    (b)    becomes part of the public domain through no fault of the other party, as evidenced by a written document;

    (c)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    (d)    the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11.    (a)    In the event a party wishes to use any "Confidential" or "Attorneys' Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation or in the related litigation pending in the Southern District of Texas (Civil Action No. 4:17-cv-00818), such "Confidential" or "Attorneys' Eyes Only" information used therein shall be filed under seal, or in camera, with the Court. The document shall indicate clearly which portions are to be designated as "Confidential" or "Attorneys' Eyes Only." For the convenience of the parties and the Court, a party that files a paper containing both Confidential Information and nonconfidential information may file the entire paper under seal. If any person fails to file protected information under seal, the producing party or any party claiming confidentiality for the documents or information may request that the Court place the filed documents or information under seal. For applications, motions, or other papers submitted to the Court including, inter alia, transcripts of depositions, exhibits, physical evidence, answers to interrogatories or requests for admissions, briefs, and memoranda in which a party submits or refers to Confidential Information, all documents containing "Confidential" or "Attorneys' Eyes Only" information which are submitted to the Court on paper, and not electronically, shall be lodged or filed with the

Court in a sealed envelope or other appropriate sealed container, on which shall be attached: (1) the caption and title page of the document enclosed within the sealed envelope or other container; (2) the "Confidential" or "Attorneys' Eyes Only" designation; and (3) a statement substantially in the following form:

> This envelope is sealed pursuant to order of the Court dated _____, contains Confidential Information, and is not to be opened or the contents revealed except by order of the Court.

This paragraph shall not be interpreted as requiring parties to file sealed documents on paper. Parties may file documents under seal using the Court's CM/ECF system in accordance with the Court's Local Rules and any other applicable rules or standing Orders. Nothing in this Paragraph or this Protective Order shall be deemed to restrict or waive the right of any party to apply to the Court on any appropriate ground to remove the seal from any documents lodged or filed under seal.

   (b)  If Confidential Information must be provided to answer an interrogatory or request for admission, counsel for the responding party should, at the time the response is served, designate that portion of the response that shall be deemed Confidential Information for purposes of this Protective Order. All answers to interrogatories or requests for admission designated as "Confidential" or "Attorneys' Eyes Only" shall be covered by the terms of this Protective Order, shall be designated as "Confidential" or "Attorneys' Eyes Only" as set forth herein, and shall only be disclosed as provided by this Protective Order.

  12.  Nothing herein shall restrict or preclude any court or governmental agency finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion, discovery request, or subpoena to disclose another party's information designated pursuant to this Protective Order shall, within ten (10) business days of receiving such motion, discovery request, or subpoena, notify that party of the motion, discovery request, or subpoena so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. The burden of opposing the motion, discovery request, or subpoena shall fall upon the party who designated the information

pursuant to this Protective Order. Notwithstanding any provision in this Protective Order, any person or party subject to an order of any court to disclose another party's information designated pursuant to this Protective Order may comply with said court order.

13. Producing or receiving information designated as "Confidential" or "Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any party that any particular information designated as "Confidential" or "Attorneys' Eyes Only" contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

14. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" or "Attorneys' Eyes Only" information by a party to this action.

15. The production of privileged or work-product protected documents, electronically stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. If a receiving party discovers that discovery may have been inadvertently or unintentionally produced, it shall

promptly notify the producing party. If a party or non-party requests the return, pursuant to this paragraph, of any discovery, the receiving party(ies) shall not use or disclose, and shall immediately cease any prior use of, such materials and shall return to the party or nonparty the materials or confirm that the materials have been destroyed and in either case destroy all copies thereof.

16. Absent agreement of the parties or permission of the Court for good cause, each party may only be deposed once in this litigation for a maximum of seven (7) hours. For the avoidance of doubt, the foregoing restriction shall not prevent a party from being deposed separately and additionally in the related litigation pending in the Southern District of Texas (Civil Action No. 4:17-cv-00818).

17. Within one hundred twenty (120) days after conclusion of this litigation, the related litigation pending in the Southern District of Texas (Civil Action No. 4:17-cv-00818), and any appeals thereof, any "Confidential" or "Attorneys' Eyes Only" document and all derivative materials, including reproductions of those documents produced by any party (including third parties), in the possession of any Qualified Persons shall be destroyed or returned to the producing person, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing person or order of the Court with respect to dissolution or modification of such protective orders.

**IT IS ORDERED** that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

DATED this 12th day of December, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**Exhibit A**

I hereby acknowledge that I will be receiving Confidential Information pursuant to the terms of a Protective Order entered in the action entitled *Buc-ee's, Ltd. v. Bucks, Inc., d/b/a Bucky's, and Steven Buchanan*, Civil Action No. 8:17-cv-287. I have been given a copy of and have read and understand the Protective Order, and I agree to be bound by the terms and conditions of that Order. I understand that: (i) I am to make no copies of any such Confidential Information except as is necessary for use in the above-referenced action and/or in the related litigation pending in the Southern District of Texas (Civil Action No. 4:17-cv-00818); (ii) such Confidential Information and any copies thereof are Confidential Information to remain in my personal custody until I have completed my assigned duties, whereupon they are to be returned to counsel who provided me with such Confidential Information; and (iii) I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me. I agree not to disseminate any information derived from such Confidential Information to anyone, or make disclosure of any such information, except for the purposes of the above-referenced proceedings or as permitted by the Protective Order or by further Order of the Court. I hereby submit myself to the jurisdiction of the U.S. District Court for the District of Nebraska for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature: _____     Date: _____

Print Name: _____