# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BUC-EE'S LTD.,<br><br>    Plaintiff,<br><br>vs.<br><br>BUCKS, INC., and STEVEN BUCHANAN,<br><br>    Defendants. | 8:17CV287<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Change Venue or, Alternatively, to Stay, ECF No. 97, filed by Plaintiff Buc-ee's Limited, and on the Motion to Stay Case Progression, ECF No. 92, filed by Defendants Bucks, Inc., and Steven Buchanan. For the reasons stated below, Buc-ee's Motion will be denied and the Defendants' Motion will be granted.

## BACKGROUND

Buc-ee's owns and operates convenience stores throughout Texas under its registered "BUC-EE'S" trademark. Steve Buchanan is the president and sole capital stock holder of Buck's, that also owns and operates convenience stores under its registered "BUCKY'S" trademark. Buck's applied to register its BUCKY'S mark with the United States Patent and Trademark Office (USPTO) on January 4, 2006. Buc-ee's applied to register its BUC-EE'S mark on April 3, 2006, but the USPTO suspended the application until its evaluation of the BUCKY'S application concluded. Thereafter, on June 13, 2007, Buc-ee's filed a notice of opposition to the BUCKY'S application with the Trademark Trial and Appeal Board. On December 2, 2008, Buck's filed a complaint against Buc-ee's with this Court. By September 16, 2009, Buck's and Buc-ee's had

entered into a Co-existence Agreement (Agreement) that disposed of the litigation,[1] permitted each of them to register their respective trademarks with the USPTO, and further "memorialize[d] their respective rights in and to their respective trademarks . . . ." Agreement, ECF No. 88-25.

On March 14, 2017, Buc-ee's filed a complaint against Bucks, BSD Bright Sight Development LLC, Nathan Richardson, and Tildon Sun Development, LLC, in the United States District Court for the Southern District of Texas. ECF No. 1. Buc-ee's alleged the foregoing defendants were cooperating to construct and operate convenience stores in Houston, Texas, under the BUCKY'S trademark in violation of the Agreement and Texas and federal law. The complaint asserted claims for trademark infringement, trademark dilution, unfair competition, false designation, and unjust enrichment. Pursuant to a forum selection clause in the Agreement, the Southern District of Texas severed Buck's from the case and transferred the claims against Buck's to the District of Nebraska. ECF No. 54, Page ID 1396. After the claims against Buck's were transferred, Buc-ee's filed an Amended Complaint adding claims for inducement by fraudulent and material misrepresentation, fraudulent misrepresentation, negligent misrepresentation, and breach of contract against Buck's and Steve Buchanan. ECF No. 77.[2]

Buck's moved for summary judgment before discovery commenced, arguing it is entitled to judgment on Buc-ee's claims, as a matter of law, because the Agreement

---

[1] The claims against Buc-ee's were dismissed with prejudice. ECF No. 88-33.

[2] For purposes of this Memorandum and Order, the Court will refer to the lawsuit initiated by Buc-ee's in the Southern District of Texas, where BSD Bright Sight Development LLC, Nathan Richardson, and Tildon Sun Development, LLC, remain as defendants, as the "Texas Lawsuit."

precludes many of Buc-ee's claims and the remaining claims are "meritless." Def.'s Br. Summ. J., ECF No. 87, Page ID 1820. As such, Buck's has also moved for a stay of discovery pending the Court's ruling on the summary judgment motion. Buc-ee's has moved to transfer this case back to the Southern District of Texas or, alternatively, to stay all proceedings until the remaining claims before the Southern District of Texas are resolved. The Court will address the motion to retransfer and the Parties' motions to stay, respectively.

**I. Motion to Retransfer**

*Standard of Review*

"Motions to retransfer are not readily granted, and are only appropriate where the ruling of the transferor court is clearly erroneous and would result in manifest injustice." *Steen v. Murray*, 955 F. Supp. 2d 1030, 1033 (D. Neb. 2013), *aff'd* 770 F.3d 698 (8th Cir. 2014)[3] (citing *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1370 (11th Cir. 2003)); *see also* Charles Alan Wright et al., Federal Practice and Procedure § 3846 (4th ed.) (federal courts are reluctant to grant motions to retransfer, but have the "power to do so if the contention is that the transferor court lacked the power to order the transfer . . ."). This Court has previously explained that motions to retransfer "are governed by the doctrine of the law-of-the-case," and that the "doctrine applies 'with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants

---

[3] The Eighth Circuit has stated that it will review "rulings on motions to retransfer, like discretionary decisions to transfer for the convenience of the parties under § 1404(a), under a deferential abuse-of-discretion standard." *Steen v. Murray*, 770 F.3d 698, 702 (8th Cir. 2014). "A district court abuses its discretion when it relies on clearly erroneous factual findings, or makes an error of law." *Cole v. Trinity Health Corp.*, 774 F.3d 423, 427 (8th Cir. 2014) (internal quotations omitted).

3

into a vicious circle of litigation.'" *Steen*, 955 F. Supp. 2d at 1033 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988)). "As most commonly defined, the doctrine . . . posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case," unless clearly erroneous. *Id.* "[T]he clear error exception to the law-of-the-case doctrine applies to legal errors." *Jenkins*, 321 F.3d at 1370 (citing *Christianson*, 486 U.S. at 817. Thus, a motion to retransfer will not be granted unless the initial transfer was a clear legal error. *Id.*

*Discussion*

Under Supreme Court and Fifth Circuit precedent, the Southern District of Texas severed Buck's from the Texas Lawsuit and transferred the claims against it to the District of Nebraska pursuant to a forum-selection clause in the Agreement.[4] ECF No. 54, Page ID 1405-11; *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (district courts should give valid forum-selection clauses "controlling weight in all but the most exceptional circumstances") (internal quotation omitted). The Parties agree the forum-selection clause is valid and the Southern District of Texas found that Buc-ee's claims against Buck's "fall[ ] within the scope of the forum-selection clause." ECF No. 54, Page ID 1396. The Southern District further found there were no exceptional circumstances that justified disregarding the Parties' bargained-for forum-selection clause.

---

[4] The forum-selection clause provides "[t]he parties also agree that any action brought by Buck's under this Agreement shall be adjudicated in the state and federal courts of Harris County, Texas and any action brought by Buc-ee's under this Agreement, shall be adjudicated in the state and federal courts located in Douglas County, Nebraska." ECF No. 88-25, Page ID 2064.

4

Buc-ee's now argues the Court is required to retransfer the claims against Buck's back to the Southern District of Texas because the remaining defendants in the Texas Lawsuit have, since the transfer of Buck's to the District of Nebraska, asserted Buck's is an indispensable party to that litigation. *See, e.g., In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 404 (3d Cir. 2017) (severance is "clearly disallowed" when a party is indispensable under Federal Rule of Civil Procedure 19). That assertion, however, does not automatically make Buck's an indispensable party to the Texas Lawsuit, and Buc-ee's has provided no substantive argument regarding Buck's indispensability. *EEOC v. Cummins Power Generation Inc.*, 313 F.R.D. 93, 98 (D. Minn. 2015) (a non-party is not indispensable unless it is first shown that they are a required party under Rule 19(a)(1) (citing *Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir. 1986)). Nor did Buc-ee's argue Buck's was indispensable when the court in the Southern District of Texas was considering the propriety of the initial transfer to this district. Thus, Buc-ee's has not demonstrated that retransfer is required because Buck's is indispensable to the Texas Lawsuit.

Buc-ee's also argues Buck's should be retransferred under the "first-to-file rule." *See, e.g., Mckinney Drilling Co., LLC v. Liberty Mut. Ins. Co.*, Case No. 5:16-CV-05078, 2016 WL 3349326, at *1 (W.D. Ark. June 15, 2016) (citing *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)). The rule provides "that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" *Mckinney*, 2016 WL 3349326, at *1 (quoting *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993)). Furthermore, it "recognizes the comity between coequal federal courts and promotes the efficient use of judicial

resources by authorizing a later-filed, substantially similar action's transfer, stay or dismissal in deference to an earlier case." *Nat'l Football League Players Ass'n v. Nat'l Football League*, Civ. No. 15-3168 (RHK/HB), 2015 WL 7596934, at *1 (D. Minn. July 30, 2015) (citing *Orthman*, 765 F.2d at 121). It is not a "rigid, mechanical, or inflexible" rule and should "be applied in a manner best serving the interests of justice." *Nw. Airlines*, 989 F.2d at 1005 (quoting *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990)).

The first-to-file rule is meant to facilitate "the doctrine of federal comity" and a retransfer of this case back to the Southern District of Texas is inconsistent with that doctrine. *See Orthmann*, 765 F.2d at 121. This Court finds no clear legal error with the Southern District of Texas's decision to sever and transfer the claims against Buck's to this district, and a retransfer would disregard that court's well-reasoned decision. This Court also finds that a retransfer in this particular context is not an efficient use of judicial resources nor is it in the interests of justice.

Because Buc-ee's has not demonstrated that the Southern District of Texas's decision to sever and transfer the claims against Buck's to this district pursuant to the Agreement's forum-selection clause was clearly erroneous, the motion to retransfer will be denied.

## II. Motions to Stay

### *Standard of Review*

"[T]he decision whether to stay discovery is committed to the sound discretion of the district court judge." *United States v. Honeywell International, Inc.*, 20 F. Supp. 3d 129, 131 (D.D.C 2013) (quoting *White v. Fraternal Order of Police*, 909 F.2d 512, 517

(D.C. Cir. 1990)); *see also Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  It is also within a district court's discretion to issue a broader stay of proceedings altogether.  *Id.*  In the Eighth Circuit, "appellate review of a district court's discovery rulings is both narrow and deferential," and such rulings will not be reversed "absent a gross abuse of discretion resulting in fundamental unfairness in the trial of the case."  *Gov't of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 344 (8th Cir. 2012) (internal quotations omitted).

*Discussion*

The Parties seek stays for different reasons.  Buck's requests a stay pending the Court's ruling on its summary judgment motion because it contends the Court must dismiss many of the claims in the Amended Complaint based on the terms of the Agreement alone, and the other claims in the Amended Complaint have no merit.  Thus, according to Buck's, proceeding with discovery is unnecessary until the Court rules on its motion for summary judgment.

Buc-ee's requests a broader stay of this case pending resolution of the Texas Lawsuit, noting that the Texas action is at a more advanced stage of litigation.  If its motion to stay the case is not granted, Buc-ee's opposes Buck's motion to stay discovery because Buc-ee's contends it needs to conduct discovery to oppose the summary judgment motion.[5]

---

[5] The Court notes that Buck's summary judgment motion has been fully briefed and is ripe for decision.  Furthermore, although Buc-ee's opposes Buck's motion to stay discovery, it has not filed a motion under Federal Rule of Civil Procedure 56(d), formerly Rule 56(f).  *See, e.g., Ballard v. Heineman*, 548 F.3d 1132, 1137 (8th Cir. 2008) ("Unless a party files an affidavit under Federal Rule of Civil Procedure 56(f) showing what facts further discovery may uncover, a district court generally does not abuse its discretion in granting summary judgment on the basis of the record before it."); Charles Alan

The party requesting a stay of discovery must demonstrate good cause for the stay. *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, Civil No. 13-1356 ADM/FLN, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013). "Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011); *see Ballard v. Heineman*, 548 F.3d 1132, 1136-37 (8th Cir. 2008) (affirming this Court's stay of discovery pending summary judgment on whether the defendant was entitled to the complete defense of qualified immunity). Although courts are not limited to issuing stays in these particular situations, "they have done so for specific, somewhat unique, reasons." *TE Connectivity Networks, Inc.*, 2013 WL 4487505, at *2. Some courts require that the pending motion have the potential to dispose of the entire action. *See Nankil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). Ultimately, "[t]he decision granting or denying a stay 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Prism Techs., LLC v. U.S. Cellular Corp.*, 8:12CV 125, 2015 WL 13215454, at *1 (D. Neb. Sept. 29, 2015) (quoting *Landis*, 299 U.S. at 254-55)); *see also* Fed. R. Civ. P. 1 (The Federal Rules should be "employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding.").

In its Order transferring the claims against Bucks, the Southern District of Texas said, "neither party disputes that the Agreement must be interpreted to determine the

---

Wright et al., Federal Practice and Procedure § 3846 (4th ed.) ("[P]recedent prior to 2010 citing Rule 56(f) is fully applicable to current Rule 56(d).").

validity of Buc-ee's lawsuit against Buck's." ECF No. 54, Page ID 1399. The Amended Complaint, however, contains several new claims. It now asserts twelve separate claims,[6] the first eight of which are for Buck's use of its BUCKY'S mark that Buc-ee's alleges is confusingly similar to its own BUC-EE'S mark. Claims nine, ten, and eleven allege Buck's misrepresented the date of first use regarding its BUCKY'S mark, and the twelfth claim is for breach of contract, *i.e.* the Agreement. Buck's maintains the Agreement alone requires dismissal of Buc-ee's first eight claims because it expressly permits Buck's to expand the use of its BUCKY'S mark in Texas; but Buc-ee's disagrees. Buc-ee's interprets the Agreement to prohibit Buck's from using the BUCKY'S mark in Texas, and to permit Buc-ee's to initiate this lawsuit.[7] As such, there is no factual dispute regarding Buck's alleged conduct in relation to the first eight claims, only a disputed issue of law as to whether that conduct was contemplated and permitted by the Agreement.

Buck's also argues, at least in part, that the claims for misrepresentation can be dismissed based on the Agreement. Def.'s Br. Summ. J., ECF No. 87, Page ID 1859; *See* Agreement, ECF No. 88-25, Page ID 2064 ("No inducements, representations or

---

[6] See Amended Comp., ECF No. 77, Page ID 1574.

[7] The clause primarily at issue provides

Subject to the . . . agreement by the parties herein to take appropriate steps to avoid any likelihood of confusion, and because the parties agree that no likelihood of confusion will result from their separate use of their respective marks, either party may expand into any geographical territory without objection, interference, or filing of any legal action by the other party.

Agreement, ECF No. 88-25, Page ID 2062; *see also id.* at 2061 ("Buc-ee's agrees that Buck's may use and register the trademark BUCKY'S in connection with retail store services featuring convenience store items, gasoline, and any related goods or services *throughout the United States*.") (emphasis added).

9

promises have been made, other than those recited in this Agreement."). Thus, Buck's has raised a preliminary issue of law, *i.e.* interpretation of the Agreement, that controls the validity of nearly all of Buc-ee's claims against Buck's. If the Court agrees with Buck's interpretation of the Agreement, it may dismiss Buc-ee's claims based on Buck's use of its BUCKY'S mark as well as Buc-ee's claims for misrepresentation. *See* 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 18:80 (5th ed.) ("[A]s long as a contracting party's use of the mark stays within the boundaries of use defined in the consent agreement, that party is contractually protected from a charge of trademark infringement."); *see also Brennan's Inc. v. Dickie Brennan & Co. Inc.*, 376 F.3d 356, 366 (5th Cir. 2004).

It is undisputed that the Agreement, as well as Texas and federal law, prohibit Buck's from using Buc-ee's registered BUC-EE'S mark. It is also undisputed that the Agreement requires Buck's to notify Buc-ee's of any instances of actual confusion. Thus, an interpretation of the Agreement, alone, will not determine the validity of Buc-ee's breach-of-contract claim based on its allegations that Buck's failed to notify Buc-ee's of instances of actual confusion. Amended Comp., ECF No. 77, Page ID, 1601. Nor will an interpretation of the Agreement determine the validity of Buc-ee's claims that Buck's used the BUC-EE'S mark directly. *Id.* at 1584, 1601. Discovery may be necessary for Buc-ee's to substantiate these allegations. Nevertheless, the Agreement may preclude Buc-ee's from proceeding with its other claims, regardless of any discoverable evidence.

Buck's has a strong interest in any preclusive effect the plain language of the Agreement may have on Buc-ee's infringement and misrepresentation claims, and that

interest outweighs Buc-ee's interest in immediate access to discovery. The potential preclusive effect of the Agreement is a specific and unique circumstance, constituting good cause for the stay of discovery pending the Court's ruling on Buck's Motion for Summary Judgment. Accordingly, the Court will grant Buck's motion to stay discovery, because a preliminary issue of law, interpretation of the Agreement, controls the validity of nearly all Buc-ee's claims.

A broader stay of this case pending the outcome of the Texas Lawsuit is not warranted. Buck's and Buc-ee's were the only signatories to the Agreement. As such, its interpretation, any potential breach of it, and its effect on Buck's use of its BUCKY'S mark are issues properly before this Court. A stay of this case pending the outcome of the Texas Lawsuit will not aid in resolving those issues. Nor will such a stay aid the Court in its adjudication of Buc-ee's claims for inducement by fraudulent and material misrepresentation, fraudulent misrepresentation, or negligent misrepresentation. Buc-ee's has not demonstrated how "any rulings and determinations in the more advanced Texas Action would simplify the issues here." Pl.'s Br., ECF No. 98, Page ID 2448. Therefore, Buc-ee's motion to stay will be denied.

Accordingly,

IT IS ORDERED:

1. The Motion to Change Venue or, Alternatively, to Stay, ECF No. 97, filed by Plaintiff Buc-ee's Limited, is denied;

2. The Motion to Stay Case Progression, ECF No. 92, filed by Defendants Buck's, Inc., and Steven Buchanan, is granted;

3. Discovery in this case is stayed until the Court has ruled on Defendants' Motion for Summary Judgment, ECF No. 86;

4. Defendants' Motion for Summary Judgment, ECF No. 86, is ripe for decision; and

5. The Motion for a Pretrial Conference, ECF No. 125, filed by Defendants, is denied.

Dated this 16th day of January, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge